IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DARELTECH, LLC,**<br><br>　　　　　Plaintiff,<br><br>　　**v.**<br><br>**DJI TECHNOLOGY INC., SZ DJI TECHNOLOGY CO., LTD., AND DJI EUROPE B.V.**<br><br>　　　　　Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Dareltech, LLC ("Dareltech), by and through its attorneys, Pierce Bainbridge Beck Price & Hecht LLP, hereby demands and complains of DJI Technology Inc., SZ DJI Technology Co., Ltd., and DJI Europe B.V. (collectively, "DJI") as follows:

## NATURE OF THE ACTION

1.　　This is an action under the patent laws of the United States, 35 U.S.C. §§ 1, et seq., for infringement by DJI of Dareltech's claims to U.S. Patent Nos. 9,037,128; 9,055,144; 9,503,627; and 9,571,716 (collectively referred to as the "Patents-in-Suit").

## PARTIES

2.　　Dareltech is a limited liability company organized and existing under the laws of Delaware.

3.　　On information and belief, DJI Technology Inc. is a California corporation with its principal place of business at 201 S. Victory Blvd, Burbank, California 91503. DJI Technology Inc. is registered with the New York Department of State (DOS ID# 512262) and has a regular and established place of business at 632 Broadway, New York, New York 10012.

4. On information and belief, SZ DJI Technology Co., Ltd. is incorporated in China with its principal place of business at 14th Floor, West Wing, Skyworth Semiconductor Design Building, No. 18 Gaoxin South 4th Ave, Nanshan District, Shenzhen, China.  On information and belief, SZ DJI is responsible for the research and development of DJI-branded products sold in the United States.

5. On information and belief, Defendant DJI Europe B.V. is a European corporation with its principal place of business at Bijdorp-Oost 6, 2992 LA Barendrecht, Netherlands.  On information and belief, DJI Europe is responsible for the sales of DJI-branded products in the United States.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over DJI Technology Inc. because it is registered with the New York Department of State (DOS ID# 512262) and has a regular and established place of business at 632 Broadway, New York, New York 10012.

9. This Court has personal jurisdiction over DJI because, directly or through an intermediary or agent, each Defendant has committed acts within New York giving rise to this action and has established minimum contacts with New York such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. Each Defendant knowingly introduces into the stream of commerce products and/or components of

products that infringe the Patents-in-Suit, and each Defendant knew and intended that such products would be used in this District.

10. For example, Defendants have partnered with New York local consumer electronics retailer Camrise to promote an "Official DJI Store in NYC." Defendants' partnership with Camrise includes the sales of their infringing products and components both in retail stores located at 1666 Broadway and 300 W. 49th St. New York, NY 10019 and online stores including, but not limited to, a co-branded website, "DJI NYC by Camrise," available at www.djinyc.com.

11. On information and belief, SZ DJI designs and manufactures the infringing products and places them into the stream of commerce via an established distribution channel with the knowledge and expectation that such products would be sold in this District. DJI's website says '[h]eadquartered in Shenzhen, widely considered China's Silicon Valley, DJI benefits from direct access to the suppliers, raw materials, and young, creative talent pool necessary for sustained success."

12. On information and belief, DJI Europe sells the infringing products in the US, including within this District. In addition, DJI Europe provides services in the field of logistics, storage, and transportation and acts as a global distribution center.

13. On information and belief, DJI has also knowingly induced infringement by others within the United States and this District by advertising, marketing, offering for sale, and selling devices containing infringing functionality to consumers, customers, distributors,

14. On information and belief, all Defendants act in concert as a single entity to develop, manufacture, distribute, import, offer to sell, and sell infringing products in this case. Each Defendant has derived substantial revenues from its infringing acts in this District.

15. On information and belief, DJI has also knowingly induced infringement by others within the United States and this District by advertising, marketing, offering for sale, and selling devices containing infringing functionality to consumers, customers, distributors, resellers, partners, and end users in the United States, and by providing instructions, user manuals, advertising, and marketing materials which facilitate, direct, or encourage the use of infringing functionality with knowledge thereof.

16. Venue is proper for SZ DJI and DJI Europe under 28 U.S.C. § 1391 because SZ DJI and DJI Europe knowingly introduce into the stream of commerce infringing products to serve not only the US market generally, but also the market in this District specifically.

17. Venue is proper for DJI Technology Inc. under 28 U.S.C. § 1400(b) because it has a regular and established place of business at 632 Broadway, New York, New York 10012.

## PATENTS-IN-SUIT

18. On May 19, 2015, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 9,037,128 ("the '128 Patent"), entitled "Handle for Handheld Terminal," based upon an application filed by inventors Jinrong Yang and Ramzi Khalil Maalouf. A true and correct copy of the '128 Patent is attached hereto as Exhibit A.

19. On June 9, 2015, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 9,055,144 ("the '144 Patent"), entitled "Handle for Handheld Terminal," based upon an application filed by inventors Jinrong Yang and Ramzi Khalil Maalouf. A true and correct copy of the '144 Patent is attached hereto as Exhibit B.

20. On November 22, 2016, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 9,503,627 ("the '627 Patent"), entitled "Handle for Handheld

Terminal," based upon an application filed by inventors Jinrong Yang and Ramzi Khalil Maalouf.  A true and correct copy of the '627 Patent is attached hereto as Exhibit C.

21. On February 14, 2017, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 9,571,716 ("the '716 Patent"), entitled "Handle for Handheld Terminal," based upon an application filed by inventors Jinrong Yang and Ramzi Khalil Maalouf.  A true and correct copy of the '716 Patent is attached hereto as Exhibit D.

22. The Patents-in-Suit relate generally to systems and methods for holding and operating a handheld terminal such as a smartphone using a handle module operable with one hand.

## FACTUAL ALLEGATIONS

### Dareltech's Products and the Patents-in-Suit

23. Dareltech is the owner of all right, title, and interest in and to the Patents-in-Suit and possesses all rights of recovery, including the right to recover for past damages.  Dareltech was formed by the inventors of the Patents-in-Suit, Jinrong Yang and Ramzi Khalil Maalouf (collectively, the "Inventors"), who have assigned all of their respective rights in connection with the Patents-in-Suit to the new company.

24. The Inventors developed the technology of the Patents-in-Suit by engineering, designing, testing, manufacturing, and marketing their own "smart stick" product ("Product"). The initial model of the Product featured a soft-grip retractable and extendable handle ("Handle") that can safely and securely hold a smartphone in place.  The Product could then interface with the smartphone electronically using "Bluetooth" technology and a capture button on the handle.  This allowed users to take photos and videos of themselves and others at previously impossible angles—without the need to stop strangers and ask them to take the photos

instead.  The latest Product design uses a sleek detachable handle connected to a smartphone case customized for each phone type and model.  When removed, the detachable Handle can be used as a remote-control joystick to adjust the smartphone camera's angle from a distance.

25.     Since 2012, Dareltech members have spent substantial sums of money in legal, development, engineering, testing, and product manufacturing fees and expenses for its products and accessories. All these expenses have been self-financed by the Dareltech members or their affiliates, without encumbrances on any of its assets.

26.     The Inventors, through their company Dareltech, seek to enforce their own patents.  Neither Dareltech nor the Inventors have ever sought to litigate or otherwise enforce a patent purchased from an outside third party.  The patented inventions that Dareltech seeks to enforce in this case are the fruits of Dareltech's inventors, Jinrong Yang and Ramzi Khalil Maalouf.

## DJI and the Accused Products

27.     Upon information and belief, DJI manufactures and sells, or causes to be manufactured and sold, products throughout the world, including within the United States, made in accordance with the Patents-in-Suit.  These products currently include the DJI Osmo line of products, include DJI's Osmo line of products, including but not limited to the Osmo, Osmo Mobile, Osmo Mobile 2.

28.     Upon information and belief, including based on evaluation of DJI's products, DJI makes, uses, offers to sell, and/or sells in the United States, and/or imports into the United States products made in accordance with the Patents-in-Suit.  As referred to in this Complaint, and consistent with 35 U.S.C. § 100(c), the "United States" means "the United States of America, its territories and possessions."

29. Upon information and belief, DJI actively and knowingly directs, causes, induces, and encourages others, including, but not limited to, its designers, manufacturers, suppliers, distributors, resellers, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, products made in accordance with the Patents-in-Suit, by, among other things, providing instructions, manuals, and technical assistance relating to the manufacture, marketing, installation, set up, use, operation, and maintenance of, said products.

## Notice and Willfulness

30. By letter dated August 16, 2018, Dareltech notified DJI of the existence of the Patents-in-Suit, and of infringement thereof by DJI. Dareltech's letter identified exemplary infringing DJI products.

31. Accordingly, DJI has received notice of the Patents-in-Suit and of infringement thereof by DJI and DJI's customers.

## COUNT I: INFRINGEMENT OF THE '128 PATENT

32. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

33. Upon information and belief, DJI has infringed, and continues to infringe, the '128 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States its Osmo products. Upon information and belief, DJI's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

34. For example, on information and belief, DJI has infringed at least claim 1 of the '128 Patent. DJI's Osmo products, comprise a handle as described in Exhibit E, the user manual for the Osmo Mobile 2 product, available at DJI's website

(https://dl.djicdn.com/downloads/Osmo+Mobile+2/Osmo_Mobile_2_User_Manual_EN.pdf) and shown in Figure 1 below.

## Using the Osmo Mobile 2

### Controls and Operations

The buttons on the handle allow fine control over the gimbal and mobile phone. The gimbal converts joystick movements into smooth pan and tilt transitions, and uses SmoothTrack technology to reduce the impact of natural vibrations. In Follow mode the mobile phone can also be positioned directly by hand.

Figure 1: DJI Osmo Mobile 2 User Manual, p.8

On information and belief, DJI's Osmo products comprise a power supply module with one or more batteries for providing a wireless connection to the mobile phone as described in Exhibit E and shown in Figure 2 below.

## Charging the Osmo Mobile 2

To charge the Osmo Mobile 2, connect a USB adapter (not included) to the Charging port using the provided power cable. During charging the battery level indicators blink to indicate the current battery level. The battery is fully charged when the battery level indicators turn solid white. With the battery fully charged, the Osmo Mobile 2's max run-time is 15 hours*.

Charging Time: 2 hours (when charging at 2 A)

Battery Level Indicators

USB

* Max run-time was tested with the gimbal balanced and held steadily. This value should be taken for reference only.

Figure 2: DJI Osmo Mobile 2 User Manual, p.5

On information and belief, DJI's Osmo products further comprise a coupler that couples the handle of the handheld device a housing of a mobile phone wherein the coupler is configured to releasably affix the handheld device to the housing of the mobile phone as shown in Figure 3, below.



**Figure 3, DJI Osmo Mobile 2 User Manual, p.4**

On further information and belief, the DJI Osmo products include a wireless transmitter, as described in Figures 4 and 5, configured to provide the wireless connection to the mobile phone, wherein the handheld device is configured to provide remote control of camera features of the mobile phone via the wireless transmitter.

| Wireless | |
|---|---|
| Mode | Bluetooth Low Energy 4.0 |
| Transmitter Power (EIRP) | < 1 dBm |

**Figure 4, DJI Osmo Mobile 2 User Manual, p.18**



5. **Shutter/Record Button**
   Press the Shutter/Record button once to start or stop recording, or to take a photo. (To switch between photo and video modes tap the Photo/Video switch in the DJI GO app). Press and hold the Shutter/Record button for burst capture (available on iOS only).

**Figure 5, DJI Osmo Mobile 2 User Manual, p.10**

On information and belief, the DJI products further comprise (1) a user-operated command key comprising at least one selected from a camera key, video key, or zoom key, the user-operated command key configured for selection by a user; and (2) a key module configured to receive an indication of selection of the user-operated command key and send an indication of the selection to the mobile phone via the wireless interface module, as shown in Figure 4, such that the mobile phone can be held via the handheld device with one hand and such that the one hand can operate user-operated command key while the one hand is also holding the handheld device as shown in Figure 6, below (available at https://store.dji.com/product/osmo-mobile-2).

10



**Figure 6, DJI Osmo Use**

35. Upon information and belief, DJI has induced infringement of one or more claims of the '128 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly directing, causing, inducing, and encouraging others, including, but not limited to, its designers, manufacturers, suppliers, distributors, resellers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, Osmo products made in accordance with the '128 Patent, including, but not limited to, the DJI Osmo Mobile 2 described in Exhibit E, by, among other things, providing instructions, manuals, and technical assistance relating to the manufacture, marketing, installation, set up, use, operation, and maintenance of said products. Upon information and belief, DJI's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

36. Upon information and belief, DJI has committed the foregoing infringing activities without license from Dareltech and with notice of the '128 Patent.

37. DJI knew the '128 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the '128 Patent. Dareltech's damages should be trebled pursuant to 35 U.S.C. § 284 because of DJI's willful infringement of the '128 Patent.

38. The acts of infringement by DJI have been with the knowledge of the '128 Patent and are willful, wanton and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling Dareltech to its reasonable attorney's fees and litigation expenses.

39. The acts of infringement by DJI will continue unless enjoined by this Court.

40. Dareltech has been and will continue to be irreparably harmed and damaged by DJI's acts of infringement of the '128 Patent and has no adequate remedy at law.

## COUNT II: INFRINGEMENT OF THE '144 PATENT

41. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

42. Upon information and belief, DJI has infringed at least claims 1 and 14 of the '144 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States its Osmo products. Upon information and belief, DJI's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

43. Upon information and belief, DJI has induced infringement of one or more claims of the '144 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly directing, causing, inducing, and encouraging others, including, but not limited to, its designers, manufacturers, suppliers, distributors, resellers, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, Osmo products made in accordance with the '144 Patent, including, but not limited to, the DJI

Osmo Mobile 2 described in Exhibit E, by, among other things, providing instructions, manuals, and technical assistance relating to the manufacture, marketing, installation, set up, use, operation, and maintenance of said products. Upon information and belief, DJI's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

44. Upon information and belief, DJI has committed the foregoing infringing activities without license from Dareltech and with notice of the '144 Patent.

45. DJI knew the '144 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the '144 Patent. Dareltech's damages should be trebled pursuant to 35 U.S.C. § 284 because of DJI's willful infringement of the '144 Patent.

46. The acts of infringement by DJI have been with the knowledge of the '144 Patent and are willful, wanton and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling Dareltech to its reasonable attorney's fees and litigation expenses.

47. The acts of infringement by DJI will continue unless enjoined by this Court.

48. Dareltech has been and will continue to be irreparably harmed and damaged by DJI's acts of infringement of the '144 Patent and has no adequate remedy at law.

## COUNT III: INFRINGEMENT OF THE '627 PATENT

49. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

50. Upon information and belief, DJI has infringed at least claim 29 of the '627 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States its "Osmo" products. Upon information and belief, DJI's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

51. Upon information and belief, DJI has induced infringement of one or more claims of the '627 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly directing, causing, inducing, and encouraging others, including, but not limited to, its designers, manufacturers, suppliers, distributors, resellers, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, Osmo products made in accordance with the '627 Patent, including, but not limited to, the DJI Osmo Mobile 2 described in Exhibit E, by, among other things, providing instructions, manuals, and technical assistance relating to the manufacture, marketing, installation, set up, use, operation, and maintenance of said products. Upon information and belief, DJI's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

52. Upon information and belief, DJI has committed the foregoing infringing activities without license from Dareltech and with notice of the '627 Patent.

53. DJI knew the '627 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the '627 Patent. Dareltech's damages should be trebled pursuant to 35 U.S.C. § 284 because of DJI's willful infringement of the '627 Patent.

54. The acts of infringement by DJI have been with the knowledge of the '627 Patent and are willful, wanton and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling Dareltech to its reasonable attorney's fees and litigation expenses.

55. The acts of infringement by DJI will continue unless enjoined by this Court.

56. Dareltech has been and will continue to be irreparably harmed and damaged by DJI's acts of infringement of the '627 Patent and has no adequate remedy at law.

## COUNT IV: INFRINGEMENT OF THE '716 PATENT

57. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

58. Upon information and belief, DJI has infringed at least claims 1 and 11 of the '716 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States its Osmo products, including but not limited to the DJI Osmo Mobile 2 described in Exhibit E. Upon information and belief, DJI's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

59. Upon information and belief, DJI has induced infringement of one or more claims of the '716 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly directing, causing, inducing, and encouraging others, including, but not limited to, its designers, manufacturers, suppliers, distributors, resellers, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, Osmo products made in accordance with the '716 Patent, including, but not limited to, the DJI Osmo Mobile 2 described in Exhibit E, by, among other things, providing instructions, manuals, and technical assistance relating to the manufacture, marketing, installation, set up, use, operation, and maintenance of said products. Upon information and belief, DJI's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

60. Upon information and belief, DJI has committed the foregoing infringing activities without license from Dareltech and with notice of the '716 Patent.

61. DJI knew the '716 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the '716 Patent. Dareltech's damages should be trebled pursuant to 35 U.S.C. § 284 because of DJI's willful infringement of the '716 Patent.

62. The acts of infringement by DJI have been with the knowledge of the '716 Patent and are willful, wanton and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling Dareltech to its reasonable attorney's fees and litigation expenses.

63. The acts of infringement by DJI will continue unless enjoined by this Court.

64. Dareltech has been and will continue to be irreparably harmed and damaged by DJI's acts of infringement of the '716 Patent and has no adequate remedy at law.

## **PRAYER FOR RELIEF**

65. WHEREFORE, Dareltech prays for judgment in its favor against DJI granting Dareltech the following relief:

    A. Entry of judgment in favor of Dareltech and against DJI on all counts;

    B. Entry of judgment that DJI has infringed the Patents-in-Suit;

    C. Entry of judgment that DJI's infringement of the Patents-in-Suit has been willful;

    D. An order permanently enjoining DJI together with its officers, directors, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them from infringing the Patents-in-Suit;

    E. An award of compensatory damages adequate to compensate Dareltech for DJI's infringement of the Patents-in-Suit, in no event less than a reasonable royalty trebled as provided by 35 U.S.C. § 284;

    F. Dareltech's reasonable fees for expert witnesses and attorneys, as provided by 35 U.S.C. § 285;

   G. Dareltech's costs;

   H. Pre-judgment and post-judgment interest on Dareltech's award; and

   I. All such other and further relief as the Court deems just or equitable.

## **DEMAND FOR JURY TRIAL**

 Pursuant to Rule 38 of the Fed. R. Civ. P., Dareltech hereby demands trial by jury in this action of all claims so triable.


        Respectfully submitted,


        /s/ David L. Hecht_____
        David L. Hecht

        **PIERCE BAINBRIDGE BECK PRICE & HECHT LLP**
        Attorneys for Plaintiff Dareltech LLC
        20 West 23rd Street
        New York, New York 10010
        Telephone: (213) 262-9333 ext. 105
        dhecht@piercebainbridge.com